846 F.2d 77
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
F.C.F. COMPANY, Appellant,
v.
The UNITED STATES, Appellee.
 No. 87-1466.
 United States Court of Appeals, Federal Circuit.
 March 2, 1988.
 
 Before FRIEDMAN, RICH, and NIES, Circuit Judges.
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 This is an appeal from a decision of the Postal Service Board of Contract Appeals (Board) rejecting the claim that the Postal Service breached its lease of a facility by subletting it for a nonpostal use. We affirm.
 
 OPINION
 
 2
 * The underlying facts, as found by the Board, are undisputed. In June 1967, the appellant and the United States Post Office Department (which subsequently became the Postal Service, the term we use to cover both agencies) entered into an agreement under which the appellant agreed to construct and lease to the Postal Service a building in Broomfield, Colorado. The lease was for ten years, and the Postal Service had the option to renew it for four additional five-year terms. The appellant constructed the building, and the lease was signed in March 1968. The Postal Service has exercised two of the renewal options, and the lease now expires in March 1988.
 
 
 3
 The lease contains two provisions that are critical to the dispute before us. Paragraph 2 provides that the lessor
 
 
 4
 hereby leases to the Government the following described premises ... to be used for postal purposes.
 
 Paragraph 8 states:
 
 5
 The Government may sublet all or any part of the premises or assign this lease but shall not be relieved from any obligation under this lease by reason of any such subletting or assignment.
 
 
 6
 By 1984, "overcrowding in the Broomfield facility" had led the Postal Service to construct "a new, larger facility to meet its needs," into which it moved in that year. It then "sub-leased the vacated premises for the remaining lease term, including the terms of the two renewal options, ... to be 'used exclusively' for 'any use or uses permissible under the current City of Broomfield zoning ordinance.' " The sublessee in turn subleased "the major portion of the premises" for one year to a person who used the space for bingo games.
 
 
 7
 The appellant filed a claim with the contracting officer requesting that the lease be terminated or that damages be awarded. The basis of the claim was that the Postal Service had violated paragraph 2 of the lease because the property no longer was being used for postal purposes. The contracting officer denied the claim, ruling that paragraph 8 of the lease authorized the sublease.
 
 
 8
 The appellant then filed a revised claim with the contracting officer, which the latter also denied. The revised claim was that there had been a mutual mistake by the parties and a unilateral mistake by the appellant, namely, that the intent had been to permit subleasing only for postal purposes.
 
 
 9
 The appellant appealed to the Board, which denied the appeal. The Board ruled that the "reasoning and conclusions" of our decision in Forman v. United States, 767 F.2d 875 (Fed.Cir.1985), which, according to the Board, held that the identical "use clause was merely descriptive of the Postal Service's intended use and did not limit the other uses to which the Postal Service or its sublessees could put the property," "are persuasive and controlling here."
 
 
 10
 "Applying the principles stated in Forman," the Board held that "the lease is not ambiguous" and that "[t]here is no basis for concluding that either party intended to restrict Respondent's option to sublease if it no longer needed the facility." Finally, the Board held that "the evidence does not clearly and convincingly establish that either party entered into the contractual relationship because it thought the property could not be subleased for nonpostal purposes" and that the "[a]ppellant has not proved it made a [unilateral] mistake or that the alleged mistake was an essential basis for entering into the contract." F.C.F. Co., 87-1 B.C.A. (CCH) p 19,522 (PSBCA Jan. 2, 1987).
 
 II
 
 11
 A. Forman, supra, controls this case on the critical question whether paragraphs 2 and 8 of the lease authorized the Postal Service to sublease for nonpostal purposes. Forman is on all fours with this case.
 
 
 12
 There, as here, the lessor agreed to construct a postal facility for, and to lease it to, the Postal Service; the lease contained the identical paragraphs 2 and 8; and the Postal Service sublet portions of the premises for nonpostal purposes. Applying the well-settled principle of landlord and tenant law that, unless there is "a clear and specific indication that the landlord intended to limit the tenant's use of the property," a lease provision setting forth the use of property "is generally permissive and not restrictive" (767 F.2d at 880), the court held that
 
 
 13
 paragraph 2 of the Postal Service's lease with the Formans describes the Postal Service's intended use of the property and does not limit the other uses to which the Postal Service or its sublessees (as authorized by paragraph 8 of the lease) may put the property. The lease simply does not say that use for postal purposes is the only use, and there is no ground for implying such a narrowing limitation.
 
 
 14
 Id. at 881 (footnote omitted). The grounds upon which the appellant attempts to distinguish Forman are unconvincing.
 
 
 15
 First, the appellant points out that in Forman the Postal Service sublet only a portion of the leased premises, whereas in this case it subleased the entire building. That fact, however, is immaterial to the court's holding in Forman that the language in paragraph 2, "used for postal purposes," is descriptive, not restrictive.
 
 
 16
 The appellant's second and main distinction is that although there was no evidence in Forman that the Postal Service agreed with the lessor's interpretation of paragraph 2, here there is evidence of such agreement. Asserting that paragraph 2 is ambiguous, the appellant points to parole evidence that allegedly reflects the parties' view of that paragraph that is contrary to the court's interpretation of it in Forman.
 
 
 17
 In view of the Forman decision, however, we cannot say that paragraph 2 is ambiguous. Accordingly, parole evidence cannot be used to vary the terms of the written contract. In any event, the Board found as a fact that the parties did not intend to limit the Postal Service's authority in paragraph 8 to subleasing for postal purposes. Although the appellant points to evidence that it asserts supports its position, other evidence in the record leads to the contrary conclusion. Considering the entire record, the Board's finding that the parties did not intend to limit the Postal Service's authority to subleasing for postal purposes is supported by substantial evidence.
 
 
 18
 B. Alternatively, the appellant argues that if the lease permits the Postal Service to sublease for nonpostal purposes, that effect resulted from either a mutual mistake of the parties or a unilateral mistake of the appellant. The short answer is that the Board found that there was neither a mutual nor a unilateral mistake and that those findings also are supported by substantial evidence. This argument is but another formulation of the argument by which the appellant seeks to distinguish Forman. It is no more convincing in this context than it is as a basis for distinguishing Forman.
 
 
 19
 The decision of the Postal Service Board of Contract Appeals is affirmed.